The document below is hereby signed.

Signed: March 26, 2018



_S. Martin Teel Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
RAYMOND THOMAS SINGLETON,      )    Case No. 16-00610
                               )    (Chapter 7)
          Debtor.              )
_____)
                               )
FRED DANIEL MULLENS, JR,       )
                               )
          Plaintiff,           )
                               )    Adversary Proceeding No.
     v.                        )    17-10006
                               )
RAYMOND THOMAS SINGLETON,      )    Not for publication in
                               )    West's Bankruptcy Reporter.
          Defendant.           )

<u>MEMORANDUM DECISION AND ORDER DENYING MOTION FOR SUMMARY JUDGMENT</u>

     Fred Daniel Mullens, Jr., the plaintiff, seeks a judgment

against the debtor, Raymond Thomas Singleton, declaring that the

debt owed to him be deemed nondischargeable pursuant to 11 U.S.C.

§ 523(a)(6).  As stated at the scheduling conference in this

proceeding, and as explained in greater depth below, the

plaintiff's motion for summary judgment must be denied.

I

FACTS

On July 31, 2003, the District Court of Maryland for
Montgomery County found the debtor guilty of second degree
assault for a physical confrontation between the debtor and the
plaintiff.  On April 9, 2004, the plaintiff filed a civil
complaint against the debtor for assault, requesting $10,000.00
in damages and compensation for costs and fees.  On August 2,
2006, the District Court of Maryland for Montgomery County issued
a default judgment against the debtor in the amount of $9,000.00
plus costs of $75.00.

In his motion for summary judgment, the plaintiff argues
that the debt owed by the debtor to the plaintiff is
nondischargeable pursuant to 11 U.S.C. § 523(a)(6), which excepts
from discharge any debt "for willful and malicious injury by the
debtor to another entity or to the property of another entity[.]"
The plaintiff relies on theories of res judicata and collateral
estoppel to claim that the prior criminal conviction of and civil
default judgment against the debtor require a finding of
nondischargeability pursuant to § 523(a)(6) as a matter of law.

II

ANALYSIS

There are two prior judgments against the debtor that stem
from the physical altercation between the debtor and the

plaintiff that occurred on April 10, 2003.  The court will address each in turn and explain why, without more in the record, neither sufficiently demonstrates that the plaintiff is entitled to judgment as a matter of law that the debt owed by the debtor to the plaintiff is nondischargeable pursuant to § 523(a)(6).

A.   The Criminal Conviction

In the state of Maryland, the crime of "assault" is defined as "the crimes of assault, battery, and assault and battery, which retain their judicially determined meanings." *MD Code, Criminal Law* § 3-201(b).  Assault in the second degree is prohibited pursuant to *MD Code, Criminal Law* § 3-203.  Second degree assault in Maryland is comprised of three types of common law assault and battery:  (1) the "intent to frighten" assault, (2) attempted battery and (3) battery.  *Snyder v. State*, 63 A.3d 128, 134 (Md. App. 2013).  For all we know from the materials in the record on this motion for summary judgment, the conviction may have been for the third category, battery.

The "intent to frighten" category of second degree assault relates to an action taken by the defendant with the intent to place another in fear of immediate physical harm when the defendant had the apparent ability at that time to bring about that physical harm and the person assaulted was aware of the impending attack.  *Id.* at 135 (citing *Dixon v. State*, 488 A.2d 962, 966-70 (Md. 1985), and *Harrod v. State*, 499 A.2d 959, 961

3

(Md. App. 1985)).  In contrast, the attempted battery version of
second degree assault requires a defendant to have had the
specific intent to cause physical injury to the victim and to
have taken a substantial step towards causing the victim the
injury, but does not require, among other things, the victim to
have been aware of the impending battery at the time of the
attack.  *Young v. State*, 493 A.2d 352, 356 (Md. 1985); *Snyder v.
State*, 63 A.3d at 135 (citing *Harrod*, 499 A.2d at 960-62).

The third and final type of second degree assault, battery,
is "the unlawful application of force to the person of another."
*Cruz v. State*, 963 A.2d 1184, 1188 n.3 (Md. 2009) (citing *Snowden
v. State*, 583 A.2d 1056, 1059 (Md. 1991)).  An unlawful
application of force to the person of another constitutes battery
for purposes of criminal liability for second degree assault in
Maryland if the defendant acted either intentionally or
recklessly.  *See Duckworth v. State*, 594 A.2d 109, 112-13 (Md.
1991), cited in *Cruz*, 963 A.2d 1188 n.3.   *See also* Maryland
Criminal Pattern Jury Instructions, No. 4:04 (1986), cited in
Duckworth, 594 A.2d at 112 & n.2 ("[I]n order to convict the
Defendant of battery, the State must prove the following
elements: that the Defendant caused physical contact or harm to
the victim; that the contact was the result of an intentional or
reckless act of the Defendant and was not accidental, and that
the contact was not legally justified.")

4

For example, in *Duckworth*, 594 A.2d at 112, the Maryland
Court of Appeals affirmed the defendant's conviction of battery
for shooting a child because the evidence demonstrated that the
defendant acted recklessly when he pointed a gun directly at the
child, who was pleading with him not to shoot her, and threatened
to shoot her if she did not stop crying.  The Court of Appeals
noted that even if the defendant had discharged the gun
accidentally, as he claimed, he "criminally wounded [the girl] by
recklessly handling a firearm."  *Id.* at 114.

Importantly, Maryland's criminal code and the related case
law demonstrate that a defendant may be convicted for second
degree assault in the state of Maryland for either willful or
reckless applications of force against another.  In order to find
a debt nondischargeable pursuant to 11 U.S.C. § 523(a)(6), the
debt at issue must be "for willful and malicious injury by the
debtor to another entity or to the property of another entity[.]"
The word "willful" in 11 U.S.C. § 523(a)(6) modifies the word
"injury," and a finding of nondischargeability therefore requires
the defendant to have inflicted injury deliberately or
intentionally, not to have taken an action deliberately or
intentionally that resulted in injury.  *Kawaauhau v. Geiger*, 523
U.S. 57, 61 (1998).

A creditor who seeks to demonstrate that his or her claim
against the debtor is non-dischargeable pursuant to a § 523(a)(6)

exception must do so by a preponderance of the evidence. *See*
*Grogan v. Garner*, 498 U.S. 279, 291 (1991).  Statutory exemptions
to a bankruptcy discharge should be narrowly construed. *In re*
*Long*, 774 F.2d 875, 879 (8th Cir. 1985) (citations omitted).
Section 523(a)(6) explicitly requires Singleton to
have acted "willfully" in inflicting injury on Mullens in order
for that action to fall within the § 523(a)(6) exception to
discharge.  Without access to the particular jury instructions
used in the criminal case against Singleton (or findings of the
state court if the trial was a non-jury trial), the Bankruptcy
Court cannot assume that there was an explicit determination that
Singleton's application of force against Mullens constituted a
knowing or intentional infliction of injury, as is required under
§ 526(a)(6).  Therefore, this court cannot grant Mullens's motion
for summary judgment in regards to his claim under § 523(a)(6) in
light of Singleton's criminal conviction for second degree
assault on the grounds of res judicata or collateral estoppel.

   B.  The Civil Default Judgment

   The default judgment issued against the debtor in the
District Court of Maryland for Montgomery County for civil
assault, also cannot be the basis of granting the plaintiff's
motion for summary judgment on res judicata or collateral
estoppel grounds.  Nothing in the default judgment indicates that
the default judgment was for an intentional infliction of injury,

and even if it did, a default judgment is not entitled to collateral estoppel effect.

The doctrine of collateral estoppel applies in dischargeability proceedings pursuant to 11 U.S.C. § 523(a). *Grogan v. Garner*, 498 U.S. 279, 284-85 n.11 (1991); *Combs v. Richardson*, 838 F.2d 112, 115 (4th Cir. 1988) (*quoting Spilman v. Harley*, 656 F.2d 224, 227 (6th Cir. 1981)). Collateral estoppel, or issue preclusion, bars relitigation of an issue previously decided in a prior judicial proceeding if the party against whom the prior decision is asserted had a "full and fair opportunity" to litigate that issue in the earlier case. *Allen v. McCurry*, 449 U.S. 90, 95 (1980). Federal courts have interpreted their statutory duty under 28 U.S.C. § 1738 to give full faith and credit to state court judicial proceedings to mean that federal courts, including bankruptcy courts, must give a state court judgment the same preclusive effect it would receive in the state that issued that judgment. *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379-82 (1985), *reh'g denied* 471 U.S. 1062 (1985) (ruling that 28 U.S.C. § 1738, the full faith and credit statute, "directs a federal court to refer to the preclusion law of the State in which judgment was rendered").

Maryland, the state in which the default judgment was entered against the defendant debtor in this case, does not grant default judgments collateral estoppel effect when the defendant

7

did not participate in the prior litigation in any manner. *See*
*Nestorio v. Associates Commercial Corp.*, 250 B.R. 50, 55-56 (D.
Md. 2000) (*quoting* 18 Charles Alan Wright et al., *Federal*
*Practice & Procedure* § 4442, at 375-76 (1981) ("The prevailing
view is that collateral estoppel does not apply to default
judgments entered 'without further inquiry upon failure to
answer.'")); *Phillip v. Reecher (In re Reecher)*, 514 B.R. 136,
153 (Bankr. D. Md. 2014) ("In applying this test to default
judgments, the determination usually rests on whether the
judgment was actually litigated.  This requirement is met when
(as is the case here) a defendant files an answer or appears in
the matter, the issues are considered by a jury or finder of
fact, the defendant had notice and an opportunity to argue on its
behalf, and the defendant had an incentive to litigate the matter
in the prior proceeding and reasonably foresee litigation on the
same issue.").  The plaintiff attached to his complaint in this
adversary proceeding a copy of the docket for the civil case in
which he earned a default judgment against the defendant. *See*
Dkt. No. 1, Ex. 2.  The docket reflects that over the course of
two years there was no appearance or filing by the defendant and
there were multiple notations of summons renewals, and even an
indication that the summons was ultimately posted on the
defendant's property in an effort to notify him.  He was then not
present at the trial held on August 2, 2006, and the default

judgment was entered against him.  Therefore, the civil case

cannot be said to have been "actually litigated" and the default

judgment cannot be granted collateral estoppel effect in this

adversary proceeding even if (which the current record does not

show) the complaint in the state court had sought damages based

on a willful and malicious infliction of injury.

III

ORDER

    For the foregoing reasons, it is

    ORDERED that the plaintiff's motion for summary judgment

(Dkt. No. 21) is DENIED without prejudice to renewal of the

assertion, on a fuller record, of the collateral estoppel effect

of the criminal conviction.

[Signed and dated above.]

Copies to: E-recipients of orders.